## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**E-IMAGEDATA CORP,**

                    **Plaintiff / Counter-Defendant,**

        **v.**                        **Case No. 16-CV-576**

**DIGITAL CHECK CORP**
**doing business as**
**ST Imaging,**

                    **Defendant / Counter-Plaintiff.**

## DECISION AND ORDER

### I.      Introduction

Plaintiff e-ImageData Corp holds the rights to three relevant patents: U.S. Patent Nos. 8,537,279 (the '279 patent) (ECF No. 1-1); 9,179,019 (the '019 patent) (ECF No. 1-2), and 9,197,766 (the '766 patent) (ECF No. 1-3). The patents all relate to machines used to digitally display a microform image (e.g., microfilm or microfiche). e-Image sells a line of machines that use the patented technology.

Defendant Digital Check Corp, which does business as ST Imaging and will be referred to here as ST Imaging, is a competitor of e-Image and also sells machines that

digitally display microform images. In this lawsuit, commenced on May 12, 2106, e-Image alleges that ST Imaging's machines infringe upon e-Image's patents.

After the parties consented to the jurisdiction of this court, a scheduling conference was held on June 21, 2016. At the scheduling conference, ST Imaging stated that it may file a petition for inter partes review (IPR) and move to stay the litigation pending that review. (ECF No. 15.) Soon thereafter the parties filed claim construction briefs (ECF Nos. 20, 22, 23, 24), and on August 23, 2016, a claim construction hearing was held (ECF No. 37). On November 4, 2016, the court issued an order construing the claims disputed by the parties (ECF No. 38.)

On November 3, 2016, ST Imaging filed two petitions seeking IPR before the U.S. Patent and Trademark Office. (ECF No. 40 at 8.) According to ST Imaging, the petitions challenge the validity of the only asserted claim of the '279 Patent and "the vast majority of the asserted claims of the '766 Patent." (*Id.*) However, a review of the records of the Patent Trial and Appeal Board (PTAB), available at https://ptab.uspto.gov, reveal that this it was not the '766 patent but the '019 patent that ST Imaging also addressed on November 3, 2016. It was not until November 30, 2016, that ST Imaging filed a third IPR petition now challenging the claims asserted in the '766 Patent. (*Id.*) In total ST's petitions challenge 62 of the 73 claims asserted by e-Image. (*Id.*)

On November 18, 2016, ST Imaging filed a motion to stay the present proceedings pending completion of the IPR. (ECF No. 39.) e-ImageData opposes the

motion. (ECF No. 42.) The briefing on the motion to stay is complete and the matter is ready for resolution.

## II.     Inter Partes Review

> The Leahy–Smith America Invents Act, 35 U.S.C. § 100 *et seq.*, creates a process called "inter partes review." That review process allows a third party to ask the U.S. Patent and Trademark Office to reexamine the claims in an already-issued patent and to cancel any claim that the agency finds to be unpatentable in light of prior art. *See* § 102 (requiring "novel[ty]"); § 103 (disqualifying claims that are "obvious").

*Cuozzo Speed Techs., LLC v. Lee*, 136 S. Ct. 2131, 2136 (2016).

The Patent Trial and Appeal Board (PTAB) will grant a request for IPR only if the challenger of the patent shows "'a reasonable likelihood that' the challenger 'would prevail.'" *Id.* at 2137 (quoting 35 U.S.C. § 314(a) (2012 ed.)). After a request for IPR is filed the patent holder has three months in which to respond to the petition. 35 U.S.C. § 313. Following that response, the PTAB generally has three months to decide whether to grant a request for review. 35 U.S.C. § 314(b). If it institutes IPR, the review is conducted before a panel of three technically-trained administrative patent judges of the PTAB. 35 U.S.C. §§ 6(a)-(c), 311. The PTAB must decide the review within one year of the institution date (although that one year deadline may be extended for up to six months for good cause). 35 U.S.C. § 316(a)(11). "If the PTAB issues a final written decision in an inter partes review on a patent claim, a petitioner 'may not request or maintain a proceeding before' the USPTO, the U.S. International Trade Commission, or a federal district court 'with respect to that claim on any ground that the petitioner

raised or reasonably could have raised during that inter partes review.'" *Phigenix, Inc. v. ImmunoGen, Inc.*, 2017 U.S. App. LEXIS 323, 13-14 (Fed. Cir. Jan. 9, 2017) (quoting 35 U.S.C. § 315(e)(1)).

### III.    Standard for Issuance of a Stay

The parties agree that the court has the inherent power to stay the present proceedings. (ECF No. 40 at 8; 42 at 9-10 (all citations to electronically filed documents reflect the ECF pagination)); *Texas Indep. Producers & Royalty Owners Assoc. v. EPA*, 410 F.3d 964, 980 (7th Cir. 2005). Courts typically weigh three factors when deciding whether to stay litigation pending resolution of an IPR: (1) whether the litigation is at an early stage; (2) whether a stay will simplify the issues in question; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party. *Acantha LLC v. Depuy Synthes Sales Inc.*, No. 15-cv-1257-WCG, Order at 1 (E.D. Wis. June 4, 2016) (citing *Milwaukee Elec. Tool Corp. v. Hilti, Inc,.* 138 F. Supp. 3d 1032, 1036 (E.D. Wis. 2015)).

### IV.    Analysis

#### A.  Stage of the Proceedings

ST Imaging argues that this lawsuit "is still in the relatively early stages[.] "The parties have engaged in written discovery and document production but have not (at least as of the date the motion to stay was filed) taken any depositions. Expert witness discovery has not commenced, the dispositive motion deadline is June 5, 2017, and no

4

trial date has been set. It argues that the case should be stayed now before the court and the parties expend any additional effort or resources litigating the same issues that are the subject of its IPR petitions. (ECF No. 40 at 11.)

e-Image disputes that this case is in the early stages. It contends that the parties "have conducted significant patent-specific discovery" and that "expert discovery is underway." Moreover, the parties briefed claim construction issues, a claim construction hearing was held, and a decision on claim construction rendered. As such, the benefits of a stay are minimal and harm the court's ability to fulfill its obligation to "secure the just, speedy, and inexpensive determination" of this case. (ECF No. 42 at 11-12.)

Both parties are correct. That is no doubt why ST Imaging waffled and said only that this case is in the "relatively" early stages. Much has already been done and much is left to do. This case is in, or pretty nearly in, the middle of its life cycle. The parties have undertaken substantial discovery (ECF No. 43, ¶¶ 14-19) and the claim construction phase of the litigation is complete. The first deadline for expert discovery is about a month away, and all discovery is scheduled to be completed within about three months. (ECF No. 47.) Dispositive motions are due June 5, 2017. (ECF No. 47.) However, no trial has yet been scheduled, and these deadlines reflect a recent 30-day extension the court granted at the request of the parties due to their engagement in settlement discussions. (ECF No. 46.)

Given all of this, the Court finds that the stage of the case does not weigh one way or the other.

**B. Simplification of the Issues**

ST Imaging argues that the requested stay will simplify the issues for trial. A decision from the PTAB on some or all of the challenged 62 claims "will greatly reduce and simplify the issues for trial." Moreover, staying the litigation until completion of the IPR "will prevent the possibility of inconsistent rulings as to the Patents-in-Suit. A decision from the PTAB may ultimately nullify this Court's judgment." (ECF No. 40 at 13.)

According to e-Image, "[a]ny purported benefits of a stay are purely speculative because the PTAB has not instituted review of any of the three petitions[]" and is unlikely to for another several months. When it does finally act, the PTAB may authorize review on fewer than all of the challenged claims. Moreover, ST Imaging's IPR petitions do not even challenge 11 of the asserted claims, as to which  the court will need to litigate infringement and validity. Finally, ST Imaging will not be estopped from pursuing in this lawsuit any and all invalidity defenses which are not addressed by the PTAB. For all of these reasons, granting the stay will not simplify the issues in this lawsuit. (ECF No. 42 at 14-20.)

Whether a stay would simplify the issues depends, of course, on whether the petitions are granted and some or all of the challenged claims are determined to be

invalid. To that extent, e-Image is correct that any purported benefits of a stay are speculative, but that is always the case when someone files a petition for IPR. No one knows for certain how the review will come out, although in order for IPR to be instituted there must be "a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." 35 U.S.C. § 314(a). Although here the PTAB has not yet decided whether to institute IPR, if it decides such review is unwarranted any stay that might be issued will be lifted and will not have materially delayed this lawsuit.

But if the PTAB does decide to institute IPR of some of the claims challenged in ST Imaging's petitions, there is a "reasonable likelihood" that some of the claims will be found to be invalid. Will it dispose of the entire case? No, but that is not the question. The issue is whether it will simplify the issues in question, and a finding that some of the claims are invalid would do that. If the PTAB decides to institute IPR for only a few claims, e-Image may seek to have the stay lifted.

Taking all of this into account, the simplification of issues factor weighs in favor of a stay.

**C. Prejudice**

Nearly half of e-Image's brief opposing the motion for a stay is dedicated to explaining how it will be prejudiced by a stay. First, it contends that, by "reserving" certain prior art references from its IPR petitions, ST Imaging will be able to return to

court (relying on prior art references it did not include in its IPR petitions) to pursue invalidity arguments as to claims on which it did not prevail before the PTAB. Second, it also argues that a quick adjudication is necessary because the parties are direct competitors. Third, it argues that, taking into account the ages and availability of witnesses, a stay will prejudice its ability to preserve evidence. Last, it argues that a stay tactically disadvantages it "because it increases the likelihood that ST Imaging will receive a final decision in its chosen forum (the PTAB) before e-Image obtains a final decision in its chosen forum (this Court)."

The fact that IPR, which was intended as a means of more expeditiously resolving certain patent disputes, may be manipulated to delay a resolution of a dispute is not lost upon the court. Although e-Image argues that ST Imaging's decision to wait until the last day by which it could request IPR "reeks of gamesmanship[,]" (ECF No. 42 at 27 (quoting *Evolutionary Intelligence, LLC v. Apple, Inc.*, No. C 13-04201 WHA, 2014 WL 93954, at *4 (N.D. Cal. Jan. 9, 2014)), it was Congress that concluded that parties could wait up to one year before petitioning for IPR. Thus, the court does not hold that decision against ST Imaging.

As to e-Image's argument that ST Imaging will be able to pursue invalidity arguments in court that rely on prior art references it did not include in its IPR petitions, that is not true for any invalidity argument it could have raised during the IPR. 35 U.S.C. § 315(e)(1). As such, e-Image will not be damaged by ST Imaging "reserving" any

prior art references that could have been raised in its IPR petitions, and the fact that it has previously raised those prior art references in this lawsuit would be compelling evidence that they could have been raised in the IPR petitions.

As to e-Image's argument that it needs a quick adjudication because the parties are competitors, e-Image does not explain why its concerns about continued infringement by a direct competitor in a niche market cannot be adequately remedied through damages should e-Image prevail in this lawsuit. The court also notes that e-Image states that "two of the accused products have been discontinued and are no longer offered for sale." (ECF No. 42 at 26.) Although the court does not have any information as to the availability of other allegedly infringing devices, to some extent the risk of harm during the stay is mitigated by the fact that at least some of the allegedly infringing products are no longer being sold.

With regard to e-Image's argument that a stay will prejudice its ability to preserve evidence, if it is concerned that the recollections of key witnesses may be compromised if it is forced to wait until the stay is lifted before taking their depositions, e-Image could seek relief from any stay for purposes of conducting such limited discovery.

Finally, as to e-Image's argument that the stay may preclude it from receiving a decision from its chosen would decision maker (this court), it is true that there is a real possibility that, absent a stay, this case would proceed through trial by the time the

PTAB completed its review. Should that happen, however, there is also a significant possibility that a later decision by the PTAB would affect any decision that this court might make on summary judgment or that the jury might make at trial. The risk that the PTAB's decision will require the parties and the court to repeat expensive and time-consuming aspects of the case actually works in favor of, rather than against, granting a stay.

In sum, the court finds that the risk of prejudice to e-Image is insufficient to tip the balance away from granting the stay.

### V.    Conclusion

It is therefore ordered that ST Imaging's motion to stay this matter pending inter partes review (ECF No. 39) is **granted**. Not later than 28 days after the Patent Trial and Appeal Board's decision regarding the patents at issue in this litigation becomes final, ST Imaging shall notify this court that the stay may be lifted and that this matter is ready to proceed.

Dated at Milwaukee, Wisconsin this 17th day of February, 2017.

WILLIAM E. DUFFIN
U.S. Magistrate Judge